# United States Court of Appeals for the Fifth Circuit

---

No. 22-30386
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
January 5, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Darrien D. Johnson,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:21-CR-233-1

---

Before Barksdale, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Darrien D. Johnson pleaded guilty to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g). He was sentenced to, *inter alia*, an above-Sentencing Guidelines, statutory maximum, 120-months' imprisonment.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Johnson contends, for the first time on appeal, that the district court failed to clarify whether the sentence imposed was a Guidelines-authorized upward-departure, pursuant to U.S.S.G. § 4A1.3, or an upward variance under 18 U.S.C. § 3553(a). Even assuming this issue was not waived, the record establishes the sentence was the result of an upward variance under § 3553(a). Therefore, our court will not address Johnson's assertion the court procedurally erred in failing to articulate reasons for rejecting intermediate sentences pursuant to § 4A1.3.

Additionally, Johnson maintains his sentence is substantively unreasonable. He asserts: a within-Guidelines sentence was sufficient to achieve the sentencing goals of § 3553(a); and the court failed to give appropriate weight to the Guidelines before varying upwardly to the statutory maximum. According to Johnson, the Guidelines range adequately accounted for his criminal history, and nothing in the record supports the imposition of the statutory-maximum term.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The record shows the court considered the advisory Guidelines sentencing range of 57 to 71 months, but found it to be inadequate, concluding a variance was warranted under the § 3553(a) sentencing factors to address

the severity of Johnson's criminal past. The court emphasized the extensiveness of his criminal history, the serious, repetitive, and often violent nature of his offenses, and his inability to refrain from criminal conduct while under court-ordered supervision. *E.g.*, *United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008) (explaining court may consider factors incorporated by Guidelines, including criminal history, in concluding upward variance appropriate); *United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008) ("The Supreme Court's decision in Booker implicitly rejected the position that no additional weight could be given to factors included in calculating the applicable advisory Guidelines range, since to do otherwise would essentially render the Guidelines mandatory."); *see also* § 3553(a)(1), (a)(2).

The district court provided a reasoned basis for imposing the maximum sentence, and our court will defer to that determination. *E.g.*, *Gall*, 552 U.S. at 51; *see also United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015) ("Even a significant variance from the Guidelines does not constitute an abuse of discretion if it is commensurate with the individualized, case-specific reasons provided by the district court." (citation omitted)). Moreover, our court has routinely upheld similarly extensive variances. *E.g.*, *United States v. Smith*, 440 F.3d 704, 705–06 (5th Cir. 2006) (upholding as substantively reasonable 60-months' sentence where maximum sentence under Guidelines was 27 months); *United States v. Jones*, 444 F.3d 430, 433, 440–42 (5th Cir. 2006) (same for 120-months' sentence where maximum sentence under Guidelines was 57 months).

Inasmuch as Johnson seeks to have our court reweigh the § 3553(a) sentencing factors, we will not do so. *United States v. Heard*, 709 F.3d 413, 435 (5th Cir. 2013) (declining to reweigh § 3553(a) sentencing factors on substantive-reasonableness review).

AFFIRMED.